IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MALIBU MEDIA, LLC,

    *Plaintiff*,

    v.

JOHN DOE, SUBSCRIBER
ASSIGNED IP ADDRESS
98.117.50.243,

    *Defendant*.

Civil Action No. ELH-14-288

## MEMORANDUM

On December 22, 2014, plaintiff Malibu Media, LLC filed its "Fifth Motion for Extension of Time to Serve Summons and Complaint." ("Motion," ECF 16). The case involves allegations that a defendant known only by the Internet Protocol ("IP") address of his or her computer infringed upon plaintiff's copyright.[1] Complaint, ECF 1 ¶ 9. Malibu filed its Complaint in this case on January 29, 2014, which is almost eleven months before the date of filing of the Motion.

In its Complaint, plaintiff alleged that defendant's Internet Service Provider ("ISP") could identify defendant based on the IP address. *Id.* ¶ 10. Accordingly, on the same day Malibu filed its complaint, it filed a "Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference," ECF 4, supported by exhibits and a memorandum of law. It sought to serve defendant's ISP, Verizon FiOS ("Verizon"). ECF 4-1 at 3 (Memo). On February 4, 2014, I granted plaintiff's motion. ECF 6 (Order).

---

[1] Malibu Media, LLC ("Malibu") has nine other open cases assigned to me that involve copyright infringement claims against Doe defendants. *See* ELH-13-3015; ELH-13-3438; ELH-14-640; ELH-14-740; ELH-14-760; ELH-14-770; ELH-14-3579; ELH-14-3583; ELH-14-3597.

On May 29, 2014, Malibu filed its first motion for extension of time to effect service. ECF 7. Malibu stated that it issued the subpoena to Verizon on February 5, 2014, and had expected a response from Verizon by April 4, 2014. *Id.* ¶ 2. Malibu "followed up" with Verizon but had received no response by the date of the motion. *Id*. ¶ 2. Therefore, on May 30, 2014, I granted plaintiff's first motion, extending the deadline for service to June 28, 2014. ECF 8.

On June 30, 2014, plaintiff filed its second motion for extension of time to effect service. ECF 10. Malibu stated that it had "followed up" with Verizon again regarding the overdue response and was advised that Verizon would not disclose defendant's identity until resolution of pending motions to quash identical subpoenas requested by Malibu in other cases in this District. *Id*. ¶¶ 3, 4 (citing MJG-14-00223; RWT-14-00257; PWG-14-00263). Malibu informed the Court that a hearing on the motions would be held on July 30, 2014 before Judges Titus, Grimm, and Garbis. *Id*. ¶ 5. Therefore, on July 1, 2014, I granted plaintiff's second motion, extending the deadline for service to September 13, 2014. ECF 11.

On September 13, 2014, plaintiff filed its third motion for extension of time to effect service. ECF 12. It stated that the "hearing on the above referenced motions was held on Wednesday, July 30, 2014 … before Judges Titus, Grimm, and Garbis," but no order had yet been entered. *Id*. ¶ 5. Therefore, on September 15, 2014, I granted plaintiff's third motion, extending the deadline for service to November 12, 2014. ECF 13.

On November 12, 2014, plaintiff filed its fourth motion for extension of time to effect service. ECF 14. It stated that an Order had been issued in September 2014 denying the defendants' motions in the pending cases referenced above. *Id*. ¶ 4. Further, counsel advised that a copy of that Order was "promptly" forwarded to Verizon, but that Verizon was "still

- 2 -

refusing to comply with the subpoena," and therefore plaintiff still could not serve defendant because it did not yet know defendant's identity. *Id*. ¶¶ 4, 5, 10. As a result, Malibu sought an extension of 45 days, until December 27, 2014, to effect service. *Id*. ¶ 11. According to Malibu, this would allow it sufficient time to obtain defendant's identity, "investigate the information provided by Verizon, and file all necessary documents." *Id*. ¶ 12. On November 13, 2014, I granted plaintiff's motion in part, by extending the service deadline to December 22, 2014. ECF 15.

As stated, on December 22, 2014, plaintiff filed its fifth motion for extension as to service. ECF 16. In particular, Malibu seeks an extension of 45 days, until February 2, 2015, to effect service. *Id*. ¶ 7. Malibu explained that it had "finally received the name" of defendant on November 23, 2014. *Id*. ¶ 4. Regarding its continued failure to effect service, Malibu merely stated: "Plaintiff is currently working expeditiously to investigate, file proper pleadings, and serve the Defendant." *Id*. ¶ 5. Malibu has not provided an explanation as to what efforts it made between November 23, 2014, when it obtained the name of the defendant, and December 22, 2014, when it filed the Motion — a period of one month.

Fed. R. Civ. P. 4(m) requires a plaintiff to serve a defendant "within 120 days after the complaint is filed." If a defendant is not served within that time, "the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id*. "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. If a plaintiff "has not effected service of process within 120 days" of filing the complaint, Local Rule 103.8 provides that "the Court may enter an order asking the party to show cause why the claim should not be dismissed." The same Local

Rule states that "the claim shall be dismissed without prejudice" if the plaintiff "fails to show cause within" a "time set by the Court."

Rule 4(m) was enacted in 1993 as a successor to former Rule 4(j), which had required that a case "shall be dismissed" if the defendant was not served within 120 days and the plaintiff "cannot show good cause why such service was not made within that period." *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 526 (D. Md. 1999). After Rule 4(m) was enacted, the Fourth Circuit decided *Mendez v. Elliott*, 45 F.3d 75, 78 (4th Cir. 1995), in which it opined that the new Rule 4(m) represented a "renumber[ing]" of former Rule 4(j), "without a change in substance," and stated: "Rule 4(m) requires that if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause." *Id.* at 78. In so stating, however, the *Mendez* Court did not discuss the Advisory Committee Notes to Rule 4(m), which state that the rule "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown*.'" *Hammad*, 31 F. Supp. 2d at 527 (quoting Advisory Committee Notes) (emphasis altered).

After *Mendez,* the Supreme Court decided *Henderson v. United States,* 517 U.S. 654 (1996). In dicta, the Supreme Court stated that, under Rule 4(m), "courts have been accorded discretion to enlarge the 120–day period even if there is no good cause shown.'" *Id.* at 662 (quoting Advisory Committee Notes to Rule 4(m)); *see also id.* 517 U.S. at 658 n. 5 ("Rule 4(m) ... permits a district court to enlarge the time for service even if there is no good cause shown.'").

Several decisions in the District of Maryland have observed that in this circuit it is unclear whether Rule 4(m) vests a court with discretion to grant an extension of the 120–day deadline, in the absence of good cause. *See, e.g., Lehner v. CVS Pharmacy*, RWT–08–1170,

2010 WL 610755, at *2 (D. Md. Feb. 17, 2010); *Knott v. Atlantic Bingo Supply, Inc.*, JFM–05–1747, 2005 WL 3593743, at *1 n.1 (D. Md. Dec. 22, 2005); *Hoffman, supra,* 379 F. Supp. 2d at 786; *Melton v. Tyco Valves & Controls, Inc.*, 211 F.R.D. 288, 289 (D. Md. 2002); *Hammad,* 31 F. Supp. 2d at 526; *United States v. Britt,* 170 F.R.D. 8, 9 (D. Md. 1996).   Some regard *Mendez* as binding circuit precedent, *see, e.g.*, *Britt,* 170 F.R.D. at 9, while others have concluded that "*Mendez* is no longer good law."   *Hammad,* 31 F. Supp. 2d at 527; *see also Melton*, 211 F.R.D. at 289–90.   Others have found it unnecessary to resolve definitively whether a finding of good cause is mandatory before an extension can be granted.   *See, e.g.*, *Lehner*, 2010 WL 610755, at *2; *Knott*, 2005 WL 3593743, at *1 n.1.   Nevertheless, other judges of this court have held that, even if good cause is no longer an absolute requirement under Rule 4(m), "the Court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule."   *Hoffman,* 379 F. Supp. 2d at 786; *see also Lehner*, 2010 WL 610755, at *3 (where plaintiff "made no effort to serve Defendant within the time allotted under Fed. R. Civ. P. 4(m)," even assuming that the Court had discretion to excuse untimely filing, the Court would "not make a mockery of the time requirements set forth in the Federal Rules of Civil Procedure").

Significantly, in *Lehner*, *Knott*, *Hoffman*, *Melton*, and *Hammad*, the courts resolved the question of timely compliance with Rule 4(m) in the context of considering a motion by a defendant, served more than 120 days after the filing of the complaint, to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).   In those cases, the court had the benefit of full adversarial briefing in its consideration of the issue.

Where, as here, a plaintiff has failed to comply with Rule 4(m)'s deadline, but a defendant had not appeared or responded to plaintiff's motions, I *provisionally* granted similar motions for extension, even in the absence of a showing of good cause.  *See Omega U.S. Ins., Inc. v. Pa. Nat. Mut. Cas. Ins. Co.*, ELH–11–2297, 2012 WL 115422 (D. Md. Jan. 13, 2012); *Hai Xu v. FMS Fin. Solutions, LLC*, ELH–10–3196, 2011 WL 2144592 (D. Md. May 31, 2011); *Williams v. CompUSA*, ELH–10–2219, 2011 WL 2118692 (D. Md. May 27, 2011).  In each case, I granted the plaintiffs' motions with the express understanding that the order was without prejudice to the defendants' rights, once they appeared, to move to vacate the extension as improvidently granted or to seek dismissal for insufficient service of process under Fed. R. Civ. P. 12(b)(5).

However, since the time that I issued the orders referenced above, the Fourth Circuit appears to have clarified its position on whether a district court has discretion to extend the Rule 4(m) deadline without good cause shown.  In *Chen v. Mayor & City Council of Baltimore*, 546 F. App'x 187, 188 (4th Cir. Nov. 12, 2013) (per curiam), an unreported decision, the Court affirmed a district court's dismissal of claims for failure to effect service of process, "for the reasons stated by the district court."  The district court, in *Chen v. Mayor & City Council of Baltimore*, 292 F.R.D. 288, 294 (D. Md. 2013), held that it had no discretion under *Mendez*, *supra*, to extend the Rule 4(m) deadline, absent a showing of good cause.  It further held that Chen did not show good cause.  *Id*. at 295.

Chen had argued that (1) he never received certain orders of the court; (2) he believed the U.S. Marshal's Office would make service on his behalf; (3) his claims would be time-barred if the complaint were dismissed; (4) he worked diligently to pursue the action; and (5) that the

Clerk's office provided him with incorrect information. *Id*. at 294. The district court found that "Mr. Chen's actions [spoke] louder than his words," and that the facts showed he had not diligently pursued his claims. *Id*. at 294-95. Moreover, it found that Chen's statute of limitations concerns were not relevant to the good cause showing required by Rule 4(m). *Id*. at 295.

Notably, in November 2014, the Supreme Court granted certiorari in *Chen* on the following question: "Whether, under Federal Rule of Civil Procedure 4(m), a district court has discretion to extend the time for service of process absent a showing of good cause, as the Second, Third, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits have held, or whether the district court lacks such discretion, as the Fourth Circuit has held?" *Chen v. Mayor & City Council of Baltimore*, 135 S. Ct. 475 (2014). Pending a decision by the Supreme Court in *Chen*, however, *Mendez* is binding upon this Court. Accordingly, Rule 4(m)'s deadline cannot be extended in the absence of a showing of good cause.

To show "good cause" for extension of the Rule 4(m) deadline, Malibu must show it "made reasonable and diligent efforts to effect service prior to the 120–day limit … ." *Quann v. White–Edgewater,* 112 F.R.D. 649, 659 (D. Md. 1986); *accord Knott*, 2005 WL 3593743, at *1. Where a plaintiff has failed to serve a defendant, judges of this Court have found a lack of good cause in a variety of circumstances, some quite compelling. *See*, *e.g.*, *Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75, 78 (D. Md. 2005) (holding that murder of *pro se* plaintiff's daughter did not constitute good cause to excuse failure to serve defendant within 120 days); *Knott*, 2005 WL 3593743, at *1–2 (holding that serious illness suffered by plaintiff's counsel, which confined him to "bed rest," did not constitute good cause for failure to serve defendant

within 120 days).

I might not take the harsh view of good cause that is described above in some of the cases.  But, in this case, the showing of good cause is woefully inadequate.

In its Motion, Malibu indicates that it has had the name of the defendant since November 23, 2014.  *See* ECF 16 ¶ 4.  That is one month prior to its submission of the Motion.  Yet, as quoted above, Malibu merely stated in its Motion that "it is currently working expeditiously to investigate, file proper pleadings, and serve the Defendant."  *Id.* ¶ 5.  However, Malibu provides no explanation as to why it could not effect service — or even begin the process — in the time between its receipt of the subpoenaed information and its Motion.  Nor does Malibu provide any other reason for its continued delay.

Moreover, on November 10, 2014, this Court dismissed another case filed by plaintiff with virtually indistinguishable facts.  *See Malibu Media, LLC v. Doe*, ELH-14-01229, 2014 WL 5843363 (D. Md. Nov. 10, 2014).  So, Malibu has been on notice since that date that the Court would require some effort to effect service and/or an attempt to show good cause.

Here, Malibu has not attempted to show good cause as to why the Rule 4(m) deadline should be extended another 30 days.  Therefore, under *Mendez*, 45 F.3d at 78, Fed. R. Civ. P. 4(m), and Local Rule 103.8, plaintiff's claim is subject to dismissal, without prejudice, for failure to timely serve process.

An Order consistent with this Memorandum follows.

Date: December 24, 2014                                     _____/s/_____

                                                                              Ellen L. Hollander
                                                                              United States District Judge

- 8 -